The order below is hereby signed.

Signed: February 15 2019



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
1436 FOXHALL ROAD L.L.C.,          )   Case No. 18-00765
                                   )      (Chapter 7)
                    Debtor.        )

MEMORANDUM DECISION AND ORDER DIRECTING THAT TWO
CONTESTED MATTERS, SEEKING ORDERS TO SHOW CAUSE WHY
RELIEF OUGHT NOT BE IMPOSED AGAINST CERTAIN ENTITIES, BE
RE-FILED AS MOTIONS DIRECTLY SEEKING RELIEF AGAINST THE ENTITIES

This addresses two pending matters:

(1) On January 31, 2019, the debtor, 1436 Foxhall Road, LLC, filed a *Motion For Rule To Show Cause For Why The Court Should Not Find Contempt and Order Sanctions For Violation of The Automatic Stay* (the "*Motion*") against Larry Y. Huang, Yunzhi Shi Huang, Jim J. Huang, Vernon W. Johnson III, and Nixon Peabody LLP (the "alleged contemnors"), accompanied by a notice of a hearing on the *Motion* to be held on March 5, 2019, and a notice of the opportunity to oppose the granting

    of an order to show cause.

    (2) On February 5, 2019, Geoffrey Kuck, FWI Development LLC, FWI Custom Homes LLC, 2905 University Terrace LLC, 2860 University Terrace LLC, 2812 University Terrace LLC, and 2264 North Upton LLC (hereinafter collectively referred to as "Related Entities"), filed a *Joinder in Motion for Rule to Show Cause For Why the Court Should Not Find Contempt And Order Sanctions for Violation of the Automatic Stay* ("*Joinder in Motion*") seeking an order to show cause why the court ought not hold the alleged contemnors in civil contempt, impose civil contempt sanctions against them, and, in the case of Kuck, award a recovery of actual damages under 11 U.S.C. § 362(k).

Under Rule 9020 of the Federal Rules of Bankruptcy Procedure, an order to show cause is unnecessary to pursue contempt relief. According to the express terms of Rule 9020, Rule 9014 governs a motion for an order of contempt. In turn, Rule 9014 provides, with exceptions of no relevance, that in a contested matter "relief shall be requested by motion." In turn, LBR 9013-1(b)(3) requires that a motion be accompanied by notice of the opportunity to oppose the motion. The rules do not provide for pursuing contempt relief via first obtaining an order to show cause. Following the two-step procedure of first obtaining an order to show cause and only then proceeding to a determination of whether contempt sanctions should be imposed is wasteful. It

would be silly to proceed to a hearing on March 5, 2019, only to address whether orders to show cause should be issued. I will thus strike the *Motion* and the *Joinder in Motion* but with leave for them to be re-filed as motions directly seeking relief against the alleged contemnors.

The *Motion* and the *Joinder in Motion*, which have been pending for 10 days or more, set forth the grounds for why the alleged contemnors ought to be held in civil contempt. On that basis, there is no reason to accord the alleged contemnors the full 17 days to respond to the *Motion* and the *Joinder in Motion* when they are re-filed as motions directly seeking relief against the alleged contemnors.

In light of the foregoing, it is

ORDERED that the *Motion* and the *Joinder in Motion*[1] are stricken, with leave to re-file them as motions not seeking orders to show cause and, instead, as motions directly seeking relief against the alleged contemnors, and, when they are re-filed as such, the LBR 9013-1(b)(3) notices accompanying the motions may give notice that oppositions to the motions are due

---

[1] The naming of the *Joinder in Motion* was a bit of a misnomer because it seeks relief in favor of different parties (and 11 U.S.C. 362(k) relief in favor of one party). It would have been better to file an independent motion (largely based on the same grounds as the debtor's *Moton* raised) and to have requested that it be heard with the debtor's *Motion*. When the *Joinder in Motion* is re-filed, it ought to be labeled as an independent motion, not as a *Joinder in Motion*. Both re-filed motions must be served in accordance with Fed. R. Bankr. P. 7004 (not merely by electronic service on attorneys who are registered e-filers).

within 10 days of the filing of the same.  It is further

    ORDERED that the hearing set for March 5, 2019, at 10:00 a.m. is canceled, but the re-filed motions may include notice that they will be heard on that date and time provided that the re-filed motions are filed by February 19, 2019.

                              [Signed and dated above.]

Copies to: All attorneys who have entered an appearance in the case and who are registered e-filers;

Vernon W. Johnson, III
Nixon Peabody LLP
799 Ninth Street, N.W.
Suite 500
Washington, D.C. 20001